United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

RAYMOND DAVID LOPEZ,

    Defendant.

Case No.: CR 12-70846 MAG (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Raymond Lopez is charged by complaint with a violation of 18 U.S.C. § 2113(a) (bank robbery). On August 16, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On August 21, 2012, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender John Paul Reichmuth. Assistant United States Attorney Christina McCall appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The complaint charges that on June 12, 2012, Defendant robbed US Bank in Dublin, California, which is located inside a Safeway store. On June 27, 2012, while in custody in Alameda County on an unrelated charge, Defendant was interviewed by law enforcement, and confessed to robbing US Bank in Dublin, along with seven other banks.

Defendant is 30 years old and does not maintain a stable residence in the Northern District, and does appear to have any significant ties to the community. He resided with his

DETENTION ORDER
CR 12-70846 MAG (KAW)                               2

parents in Tucson, Arizona until approximately six months ago, but was forced to move out after allegedly burglarizing his parents' and cousin's homes. He attended high school in Illinois until the 12th grade, but did not graduate. Defendant has reportedly been unemployed since November 2011, and has a sporadic employment history.

Defendant's criminal record dates back to 2008, for offenses ranging from possession of controlled substances and misdemeanor theft. In addition, Defendant has admitted to having substance abuse problems, having used marijuana since 16 years of age, and having graduated to using heroin daily. Two years ago, Defendant completed a six month, outpatient drug treatment program in Illinois—which included Narcotics Anonymous meetings— and was clean for a period of time, before relapsing in 2011. He admits that he currently uses both heroin and marijuana daily. Defendant is currently on unsupervised court probation in Alameda County related to a misdemeanor shoplifting conviction.

Defendant has no identifiable ties to this community. He does not maintain a residence in the Northern District and his family resides in Illinois and Arizona, the latter is where he resided until recently. He has been unemployed the past year. Despite Defendant's limited criminal history, he has a 2011 failure to appear in Arizona for drug possession, for which a warrant was issued. That warrant is still active. He also failed to pay his fine in connection to his 2012 misdemeanor theft case. These facts suggest that he may be a risk of flight and not amenable to supervision.

The nature and the circumstances of the charged offense is bank robbery, during the commission of which Defendant threatened the bank teller with an unrevealed firearm. Defendant has also admitted to the commission of seven other bank robberies within a six week span of the charged offense. In addition, while the weight of the evidence is the least important factor when determining whether pretrial detention is appropriate, it weighs against Defendant in this case.

In light of Defendant's criminal record, his substance abuse problems, the nature and circumstance of the instant offense, as well as the other seven similar offenses, and the weight of the evidence in the current matter, the Court finds clear and convincing evidence that Defendant

DETENTION ORDER
CR 12-70846 MAG (KAW)                           3

is a risk of flight and/or presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community.  18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 24, 2012

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-70846 MAG (KAW)                              4